IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 1:22-cr-1-TBM-RPM

MICHAEL DEON FULCHER

## ORDER

This matter came before the Court on the Government's Notice [79] of Intent to Use Other Acts Evidence and Defendant Michael Deon Fulcher's Motion in Limine [86]. At the hearing conducted on December 12, 2023, the Court, having considered the pleadings, the record, the oral arguments of the parties, and the relevant legal authority, announced on the record its detailed findings and conclusions.

Below is a brief summary of the Court's ruling. It *does not* include the detailed and particularized findings and conclusions articulated from the bench.

In its Notice of Intent to Use Other Acts Evidence, the Government sought to introduce the following: (1) Fulcher's prior conduct and criminal convictions related to M.C.; (2) Fulcher's prior conduct and criminal conviction related to S.M.; (3) Fulcher's attempted recruitment of an undercover law enforcement officer and sex worker; and (4) Fulcher's prior arrests and convictions for pandering for prostitution. The Government argued that this evidence is relevant to establish Fulcher's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident pursuant to Rule 404(b) of the Federal Rules of Evidence.

At the hearing, the Court overruled Fulcher's objection and found that Fulcher's alleged prior conduct and criminal convictions related to (1) M.C. and (2) S.M. are sufficient to allow for

the Government to move forward with this evidence at trial under Rule 404(b) of the Federal Rules of Evidence upon consideration of the factors set forth in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).[1] But upon consideration of those same factors, the Court sustained Fulcher's objection as to (3) his attempted recruitment of an undercover law enforcement officer and (4) his prior arrests and convictions for pandering for prostitution and found such conduct is inadmissible under Rule 404(b).

Also, the Court announced its ruling denying Fulcher's Motion in Limine [86]. The Court found that statements of Jonzie Hamilton, Fulcher's co-conspirator, are preliminarily admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence. And because Rule 801(d)(2)(E) only mentions *statements* of co-conspirators, the Court declined to limit the introduction of Hamilton's *activities* at trial. In denying Fulcher's Motion in Limine, the Court found no compelling reasons to hold a "*James* hearing" at this time because such a hearing "would effectively require the Court to conduct a 'mini-trial' of potentially considerable length and to hear much of the evidence twice, which would be both wasteful and unnecessary." *United States v. Mathis*, 458 F. Supp. 3d 559, 563 (E.D. Tex. 2020); *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979). Finally, the Court determined that the Confrontation Clause is not implicated here because "co-conspirator statements are nontestimonial" and "the Confrontation Clause does not bear on non-testimonial statements." *United States v. Gurrola*, 898 F.3d 524, 535 n.17 (5th Cir. 2018) (citing *United States v. Holmes*, 406 F.3d 337, 347–48 (5th Cir. 2005); *Davis v. Washington*, 547 U.S. 813, 821–22, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006)).

---

[1] In the alternative, the Court additionally found that Fulcher's alleged prior conduct and criminal convictions related to M.C. are sufficient to allow for the Government to move forward with this evidence at trial under Rule 413 of the Federal Rules of Evidence.

IT IS THEREFORE ORDERED AND ADJUDGED that Fulcher's prior conduct and criminal convictions related to M.C. and Fulcher's prior conduct and criminal conviction related to S.M. are sufficient to allow for the Government to move forward with this evidence at trial under Rule 404(b).[2]

IT IS FURTHER ORDERED AND ADJUDGED that Fulcher's attempted recruitment of an undercover law enforcement officer and sex worker and Fulcher's prior arrests and convictions for pandering for prostitution are inadmissible under Rule 404(b).

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Michael Deon Fulcher's Motion in Limine [86] is DENIED.

This, the 14th day of December, 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[2] The Court will not make the final determination on admissibility until trial, as admissibility will depend on the content and specifics of the testimony and evidence—rather than the preview that has been preliminarily provided by the parties. This is equally applicable to Jonzie Hamilton's statements as the final determination on admissibility will be made at trial.