IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    **CRIMINAL NO. 1:22-cr-1-TBM-RPM**

**MICHAEL DEON FULCHER**

**ORDER**

This matter came before the Court on the Defendant Michael Deon Fulcher's first Motion to Suppress [90], the Government's first Motion in Limine [93], the Government's second Motion in Limine [95], the Government's third Motion in Limine [96], Fulcher's second Motion to Suppress [100], and Fulcher's third Motion to Suppress [103]. At the hearing conducted on January 8, 2024, the Court considered the pleadings, the record, the oral arguments of the parties, and the relevant legal authority, and announced on the record its detailed findings and conclusions.

Below is a brief summary of the Court's ruling. It *does not* include the more detailed and particularized findings articulated from the bench.

### I. FULCHER'S FIRST MOTION TO SUPPRESS [90]

In Fulcher's first Motion to Suppress [90], he sought to suppress "statements of any nature made by U.P. and C.A.P.," two alleged jailhouse informants, pursuant to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Fulcher argued that statements made by these witnesses should be suppressed given the unreliability and credibility issues of jailhouse informants. The Court denied Fulcher's first Motion to Suppress [90] because questions about a witness' credibility is within the purview of the jury and such arguments are more appropriately raised at trial. *United States v. Bates*, 850 F.3d 807, 811 (5th Cir. 2017) (holding that "credibility determinations are the purview of the trier-of-fact."); *United States v. Powell*, 732 F.3d 361, 375

(5th Cir. 2013) (construing assertions that "witnesses for the government were unreliable, that each had motive to lie, and that none of the witnesses' accusations could be proven by corroborating evidence," as contentions that "go to the weight of the evidence and the credibility of witnesses—factors for the trier of fact.").

## II. GOVERNMENT'S FIRST MOTION IN LIMINE [93]

The Court then considered the Government's first Motion in Limine [93]. In that Motion, the Government sought to exclude two things: (1) any mention of the potential penalties or sentence faced by Fulcher and (2) any mention of the potential penalties or sentence faced by Fulcher's co-defendant, Jonzie Hamilton, had she not cooperated with the Government. The Court granted in part and denied in part the Government's first Motion in Limine [93].

The Court held that any mention of the potential penalties or sentence faced by Fulcher should be excluded because "the jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975); *Shannon v. United States*, 512 U.S. 573, 579, 114 S. Ct. 2419, 129 L. Ed. 2d 459 (1994) ("The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury."); *United States v. Wilson*, 408 F. App'x 798, 803 (5th Cir. 2010) (revealing the guideline range to the jury risks "unnecessarily confusing the jury, and one of the purposes of limiting cross-examination is to avoid that.").

As for the Government's request to exclude any mention of the potential penalties or sentence that Jonzie Hamilton would have faced had she not cooperated with the Government, the Court granted the Motion in part on this ground and held that Hamilton cannot testify as to her estimated guideline range. *United States v. Roussel*, 705 F.3d 184, 194-95 (5th Cir. 2013) (affirming limitation of "questioning into [the co-defendant's] possible exposure under the sentencing

guidelines" because the co-defendant "had not yet been sentenced at the time of his testimony, [the co-defendant's] own estimate of his sentence under the sentencing guidelines would have been speculative and confusing to the jury."); *United States v. Ramirez*, 339 F. App'x 361 (5th Cir. 2009) (affirming limitation on defense counsel's cross examination of co-defendant about "her exact sentencing range or about the exact sentence reduction she might receive in exchange for entering into a plea agreement and testifying against Ramirez.").

But insofar as the Government requested to exclude any mention of Hamilton's cooperation with the Government, the Court denied the Motion. The Court found that Hamilton is allowed to testify that she may receive a reduction in sentence due to her cooperation with the Government as the Government is recommending a sentence in the lower 25% of the sentencing guidelines for her. Further, she can testify to which count she entered a guilty plea, and can testify to the different statutory minimum and statutory maximums of the various counts she was charged with in the indictment. *Roussel*, 705 F.3d at 195 (explaining that defense counsel was not prohibited from questioning the co-defendant "about a possible 25–year sentencing reduction and [the co-defendant's] plea to only one of six counts in exchange for his cooperation."); *Ramirez*, 339 F. App'x at 363 (finding that defense counsel was "at liberty to question the codefendant about her motives for entering into a plea agreement and for testifying against Ramirez, including the possibility of receiving a reduced sentence.").

### III. GOVERNMENT'S SECOND MOTION IN LIMINE [95]

Through its second Motion in Limine [95], the Government sought to admit some of Fulcher's prior convictions and exclude the prior convictions and arrests that did not result in

convictions of the Government's witnesses, A.J., M.C., and S.M., under Rule 609 of the Federal Rules of Evidence.[1] The Court granted the Motion in part and denied it in part.

**A.  Fulcher's convictions**

The Government may not introduce evidence of Conviction 1—a 7/5/2001 misdemeanor conviction for contempt of court because it is not apparent that this conviction involves the commission of a dishonest act or false statement. *See Williams v. Ryals*, 2022 WL 17820350, at *5 (D. Nev. Dec. 20, 2022) (denying motion to admit prior misdemeanor contempt of court conviction because it did not "appear to fall within the purview of Rule 609(a)(2)").

The Government may introduce evidence of Conviction 7—a 3/30/2004 felony conviction for procuring a child under 16 for lewd and lascivious act and Conviction 8—a 3/30/2004 felony conviction for committing a lewd and lascivious act with a child. These convictions stem from Fulcher's sexual assault of the Government's witness M.C. Because this Court has already determined that Fulcher's conduct and convictions related to M.C. are preliminarily admissible under Rules 404(b) and 413, the Government's Motion was granted for similar reasons on this ground.

The Government may not introduce evidence of Conviction 10—a 5/7/2012 misdemeanor conviction for failure to appear after a written promise because it is not apparent that this conviction involves the commission of a dishonest act or false statement. *See United States v.*

---

[1] The Government conceded that a number of Fulcher's prior convictions are inadmissible under Rule 609, including: Conviction 2—a 1/28/2002 California misdemeanor conviction for flight/challenging in a public place; Conviction 3—a 5/2/2002 California felony conviction for possessing a firearm as a convicted person; Conviction 4—a 5/2/2002 California felony conviction for possession of illegal explosives; Conviction 5—a 1/8/2003 California misdemeanor conviction for driving without a license; Conviction 6—a 12/24/2003 California misdemeanor conviction for shooting at an unoccupied dwelling; Conviction 9—a 12/18/2006 California misdemeanor conviction for supervising a prostitute; and Conviction 11—a 2/6/2013 Nevada misdemeanor conviction for failing to register as an ex-felon.

*Vasquez*, 840 F. Supp. 2d 564 (E.D. N.Y. 2011) ("[W]ithout any showing defendant's failures to appear in court involved any dishonesty or falsification . . . the court finds on the record presented that the bench warrants are not 'probative of truthfulness or untruthfulness,' which precludes their admission on cross-examination under Rule 608(b).") (collecting cases).

**B. A.J.'s prior convictions and arrests that did not result in criminal convictions**

The Court granted the Government's Motion on this ground and found that evidence of A.J.'s prior convictions (and A.J.'s arrests that did not result in criminal convictions) should be excluded. Specifically, the Court concluded that Conviction 1—a 8/8/2012 misdemeanor conviction for assault in the second degree should be excluded because it does not involve dishonesty or false statements. *United States v. Meserve*, 271 F.3d 314 (1st Cir. 2001) (finding that convictions for disorderly conduct and assault do not fall within Rule 609(a)(2)); *Carlsen v. Javurek*, 526 F.2d 202, 210 (8th Cir. 1975) (recognizing that misdemeanor conviction for assault and battery would not be admissible under Rule 609, because prior crime did not involve dishonesty or false statement); *United States v. Jackson*, 405 F. Supp. 938 (E.D.N.Y. 1975) (excluding prior conviction for assault).

The Court also concluded that Conviction 2—a 9/16/2014 misdemeanor conviction for shoplifting should be excluded because the Fifth Circuit has held that shoplifting does not involve dishonesty or a false statement within the meaning of Rule 609(a)(2). *United States v. Houston*, 481 F. App'x 188, 193 (5th Cir. 2012) (citing *United States v. Entrekin*, 624 F.2d 597, 598 (5th Cir. 1980)).

Finally, the Court held that evidence of A.J.'s prior arrests that did not result in criminal convictions should be excluded under Rule 609 of the Federal Rules of Evidence. *In re M&M*

*Wireline & Offshore Services, LLC*, 2017 WL 485985, at *12 (E.D. La. 2017) (collecting cases); *Brown v. Regions Insurance, Inc.*, 2016 WL 4703978, at *4 (E.D. La. Sep. 8, 2016); *Smith v. Liberty*, 2012 WL 12991012, at *3 (E.D. La. Dec. 14 2012); *Albert v. Jordan*, 2007 WL 4403739, at *2 (W.D. La. Dec. 14, 2007) (noting that evidence of arrests are not admissible under Rule 609); *see also United States v. Hamilton*, 48 F.3d 149, 153 (5th Cir. 1995) (holding that a deferred adjudication of guilt is not a "conviction," and thus is not admissible under Rule 609).

### C. M.C.'s prior arrests

The Court granted the Government's Motion on this ground and found that evidence of M.C.'s arrests that did not result in criminal convictions should be excluded for the same reasons as previously discussed. The Court also held that M.C.'s criminal prosecution related to a 4/26/2014 felony possession of a controlled substance should be excluded because she received a deferred judgment due to her participation in drug court, which the Fifth Circuit has held is not a "conviction" and therefore inadmissible under Rule 609. *United States v. Hamilton*, 48 F.3d 149, 153 (5th Cir. 1995).

### D. S.M.'s prior conviction

The Court granted the Government's Motion on this ground and held that S.M.'s 5/26/2006 misdemeanor conviction for disorderly conduct (prostitution) is excluded because the Fifth Circuit has held that prostitution does not involve dishonesty or false statements. *United States v. Cox*, 536 F.2d 65, 71 (5th Cir. 1976) ("[P]rostitution offense does not substantially impugn credibility since it does not necessarily entail dishonesty or false statement."); *United States v. Walker*, 613 F.2d 1349 (5th Cir. 1980) (prostitution does not involve dishonesty or a false statement).

## IV. GOVERNMENT'S THIRD MOTION IN LIMINE [96]

Through its final Motion in Limine, the Government sought to admit self-authenticating business records under Rule 803(6) and 902(11) of the Federal Rules of Evidence, including (1) Hotel records from IP Casino, Laquinta, and Best Western (2) Car rental records from Budget/Avis; (3) Financial records from Block Inc., JP Chase, PayPal, Conduent, Comerica, and Walmart; (4) Medical records from AMR, Valley Hospital, and Singing River Hospital; and (5) Commercial sex advertisements from Megapersonals.eu. Because the Government has not provided any custodian certifications, the Court denied the Motion as premature.

## V. FULCHER'S SECOND MOTION TO SUPPRESS [100]

In his second Motion to Suppress [100], Fulcher sought to suppress any statements or references during opening statement or closing argument, or by any witness during trial, regarding Fulcher's alleged gang affiliation and nicknames. Because the Motion was filed three days before the pretrial conference, without any reason for delay, the Court denied Fulcher's second Motion to Suppress [100] as untimely. *United States v. Williams*, 774 F. App'x 871, 877 (5th Cir. 2019) (affirming district court's denial of motion to suppress as untimely where defendant "offer[ed] no reason for his untimely filing."). Out of an abundance of caution, however, the Court also addressed the merits of the Motion and found that it should nevertheless be denied.

The Court concluded that evidence of Fulcher's gang affiliation is admissible if the proper foundation is made, provided it is directly relevant in determining an element in this case. 18 U.S.C. § 1591(e)(2)(B); *United States v. Gardner*, No. 16-cv-20135-GAD, 2016 WL 5110191 (E.D. Mich. Sep. 21, 2016); *United States v. Williams*, 158 F. App'x 651, 653 (6th Cir. 2005) ("Although prejudicial to a defendant, evidence of gang affiliation can be sufficiently probative to survive a Rule 403 challenge."); *United States v. Martinez*, 542 F. Supp. 3d 1170, 1217 (D. N.M. 2021)

7

("evidence of Martinez' gang affiliation or membership is relevant to his felon-in-possession charge, because many gang members are known to carry weapons, and the SNM gang is known to traffic in firearms").

Finally, the Court concluded that any witnesses who knew Fulcher by his nicknames—such as "gorilla pimp," "Gucci," "Gardenia's Finest," "Big Bird legs," and "MP" (Mo' Pimpin')—may refer to him by such nicknames. *United States v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995); *United States v. Candelaria-Silva*, 166 F.3d 19, 33 (1st Cir. 1999) (finding no error in admitting testimony of nickname "Macho Gatillo" ("Trigger Man") where nickname was critical to establishing authorship of letter); *United States v. Black*, 88 F.3d 678, 681 (8th Cir. 1996) (holding that reference to defendant as "the Jamaican" did not warrant reversal where name was not used in prejudicial manner and confidential informant only knew defendant by that name); *United States v. Hattaway*, 740 F.2d 1419, 1425 (7th Cir. 1984) (finding that forbidding witness to refer to defendants' nicknames would be unduly burdensome where defendants used nicknames to identify themselves in witness' presence). The Court also performed a Rule 403 balancing analysis and determined the gang affiliations and nicknames can be admissible if the proper foundation is set forth at trial.

### VI. Fulcher's third Motion to Suppress [103]

In his final Motion to Suppress [103], Fulcher sought to suppress the introduction of his prior convictions. Because the instant Motion was filed the morning of the pretrial conference, with no explanation for the delay, the Court denied Fulcher's third Motion to Suppress [103] as untimely. *Williams*, 774 F. App'x at 877. The Court also found, in the alternative, that the Motion should nevertheless be denied. Specifically, the Court denied Fulcher's request to suppress Convictions 2, 3, 4, 5, 6, 9, and 11, as the Government previously conceded that these convictions

8

were inadmissible under Rule 609 and because all other convictions were addressed in prior motions.

## VII. CONCLUSION

IT IS ORDERED AND ADJUDGED that Michael Deon Fulcher's first Motion to Suppress [90] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that the Government's first Motion in Limine [93] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED AND ADJUDGED that the Government's second Motion in Limine [95] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED AND ADJUDGED that the Government's third Motion in Limine [96] is DENIED without prejudice as premature.

IT IS FURTHER ORDERED AND ADJUDGED that Fulcher's second Motion to Suppress [100] is DENIED as untimely, and alternatively, on the merits.

IT IS FURTHER ORDERED AND ADJUDGED that Fulcher's third Motion to Suppress [103] is DENIED as untimely, and alternatively, on the merits.

This, the 10th day of January, 2024.

                                                                                   TAYLOR B. McNEEL
                                                                                   UNITED STATES DISTRICT JUDGE